UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONRAD MARHONE,

                      Plaintiff,

   -against-

C.O. J. CASSEL, *et al.*,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/2021

No. 16-cv-4733 (NSR)
**OPINION & ORDER**

---

NELSON S. ROMÁN, United States District Judge:

    Pro se Plaintiff Conrad Marhone ("Plaintiff") moves for reconsideration and/or reargument of the Court's Opinion, filed on August 31, 2018, (ECF No. 48) (the "Opinion"), granting Defendants' Cassel, Wright, Laporto, Keysor, Capra, Smith, Farah, Prack, and Rock, (collectively, "Defendants") motion to dismiss, in part. In the Opinion, the Court: (1) dismissed Plaintiff's claims for "retaliation, deprivation of his religious diet, inadequate clothing, the length of his time in SHU, and lost property are dismissed as Plaintiff did not fully exhaust his administrative remedies" (Opinion at 14); (2) dismissed claims, including his Eighth Amendment claim for transfer to a different correctional facility, against certain Defendants for failure to allege personal involvement of those defendants (*id.* at 15-17); (3) denied Defendants' motion to dismiss with respect to Plaintiff's Eighth Amendment cruel and unusual punishment claim relating to the excessive noise and light conditions (*id.* at 17-19); and (4) dismissed Plaintiff's Fourteenth Amendment due process violation claims (*id.* at 21-24). Knowledge of the facts and procedural history is presumed.

    In his motion for reconsideration and/or reargument, Plaintiff asserts that newly revealed documents that he obtained in the course of conducting discovery should change the outcome of

the Court's Opinion.  Though not plainly stated, it appears that Plaintiff seeks reconsideration of the entire Opinion besides the portion partially denying Defendants' motion to dismiss.  These newly discovered materials consist of:  (I) five affidavits from inmates of Shawangunk Correctional Facility ("Shawangunk") that were placed in the security housing unit ("SHU") detailing, in relevant part, the existence of intolerable light and noise conditions; (II) an unsigned affidavit from Mack Moton, a former inmate of Sing Sing Correctional Facility ("Sing Sing") describing disciplinary action taken against him and others, including Plaintiff, and his belief that DOCCS personnel retaliated against him (and others) in response to an inmate-organized protest; and (III) an audio recording and complete transcript of disciplinary hearings.  (*See* Plaintiff's Letter Motion For Reconsideration/Reopening of Motion to Dismiss ("Pl.'s Mem."), ECF No. 117 at 3; Plaintiff's Letter Reply Motion for Reconsideration/Reopening of Motion to Dismiss ("Pl.'s Reply"), ECF No. 134.)  Plaintiff attached the affidavits to his moving papers, and quoted various excerpts from the hearing transcript, but did not provide the Court with the full hearing transcript.  In opposition, Defendants assert that certain of the materials identified by Plaintiff do not constitute newly discovered evidence and that, in any event, the materials identified by Plaintiff are immaterial and do not call into question the Court's Opinion.  (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration ("Defs.'s Opp."), ECF No. 125.).  For the following reasons, Plaintiff's motion for reconsideration is denied.

## STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 6.3, which requires that the moving party serve "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Local Civ. R. 6.3; *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.2012); *In re Optimal U.S. Litig.*, 886 F.Supp.2d 298, 311–12 (S.D.N.Y.2008).  Motions for reconsideration are "addressed to the

sound discretion of the district court[.]" *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990); *cf. Mikol v. Barnhart*, 554 F.Supp.2d 498, 500–01 (S.D.N.Y.2008) ("Whether to grant or deny a motion for reconsideration or reargument is in the sound discretion of a district court judge.") (internal quotation marks and citation omitted).  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Accordingly, a motion for reconsideration "may be granted based upon 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cunningham*, 2020 WL 1165778, at *1 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  It is not "an opportunity for making new arguments that could have been previously advanced." *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

Local Civil Rule 6.3 requires that a motion for reconsideration "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."  While "Local Rule 6.3 limits the time to file a motion for reconsideration to 'fourteen (14) days after the entry of the Court's determination of the original motion,' courts do not consider such motions untimely where newly-discovered evidence is the purported basis for reconsideration." *Cunningham v. Cornell Univ.*, No. 16-cv-6525 (PKC), 2020 WL 1165778, at *1 (S.D.N.Y. Mar. 11, 2020) (citing *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 160 F. Supp. 2d 580, 583 (S.D.N.Y. 2001)).  Here, the Opinion was entered on August 31, 2018 and Plaintiff's motion to reconsider was filed on July 14, 2020 – *i.e.*, over 20 months after the 14 day-time deadline.  However, as

discussed in more detail below, Plaintiff's motion is premised upon the newly-discovered evidence, and according is not untimely.

## DISCUSSION

### I.     Whether Evidence Advanced by Plaintiff is Newly Discovered.

As a threshold matter, a motion for reconsideration premised upon the discovery of new evidence must be able to point to "evidence that was 'truly newly discovered or could not have been found by due diligence.'" *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.1983)). "A motion to reconsider is not petitioner's opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." *United States v. Posada*, 206 F.Supp.3d 866, 868 (S.D.N.Y. 2016) (internal quotation marks omitted). Relatedly, "newly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration." *Kopperl v. Bain*, No. 3:09-CV-01754 (CSH), 2016 WL 310719, at *3 (D. Conn. Jan. 26, 2016) (citing *Association of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt AG*, 2005 WL 30995992 (S.D.N.Y. Nov. 17, 2005)).  Thus, for example, a deposition transcript available three years prior to an interlocutory ruling was not considered newly discovered evidence despite moving party's insistence that the transcript was only discovered after the interlocutory ruling. *Kopperl*, 2016 WL 310719, at *4.

Plaintiff argues that, among other things, two hearing tapes and a transcript of a disciplinary hearing that occurred in 2013 constitute newly discovered evidence because the "hearing records . . . all came forward within the last year and could not have been known before." (Pl.'s Mem. at 3.)  Putting aside whether that evidence is material, the Court disagrees with the threshold argument that this evidence is newly discovered.  The hearing itself occurred

4

in or around June 26, 2013, and Plaintiff himself participated in the proceedings. (Second Amended Complaint (ECF No. 97) ¶ 48.) The hearing was also described in Plaintiff's then operative complaint (First Amended Complaint (ECF No. 19) ¶ 49, Ex. B) and the allegations relating to the hearing were considered by the Court in partially granting Defendants' motion to dismiss (Opinion at 22). In sum, even crediting Plaintiff's pro se status, the hearing materials do not constitute newly discovered evidence because Plaintiff attended the hearing over five years before the challenged interlocutory ruling was filed, described the hearing in his complaint, and the Court considered Plaintiff's allegations relating to that hearing when ruling on Defendants' motion to dismiss.

Separately, Plaintiff points to two other forms of newly obtained evidence. First, he obtained five affidavits by former (or current) inmates of Shawangunk Correctional Facility that make similar factual averments to those alleged by Plaintiff in his complaint — *i.e.*, that inmates in the SHU experienced excessive sound and light conditions. Second, Plaintiff has obtained an affidavit from an inmate named Mack Moton that was transferred from Sing Sing Correctional Facility to Downstate Correctional Facility based upon an allegedly contrived misbehavior report and supporting memoranda. Many of the underlying facts contained in these affidavits concern events that occurred five years prior to the entry of the challenged interlocutory ruling, and it is not clear to this Court that Plaintiff could not have he could not have obtained those materials several years ago. Nonetheless, Defendants have not argued that Plaintiff failed to exercise diligence in only obtaining those affidavits after the Opinion was entered and, given that all of the affiants were inmates (as is Plaintiff), the Court is reluctant to find that these affidavits should have been obtained through the use of ordinary diligence. Accordingly, the Court

considers these materials to be newly discovered and examines the materiality of the information contained in the affidavits.

## II.     Materiality of Newly Discovered Evidence

In order to prevail on a motion for relief from a judgment on the grounds of newly discovered evidence, a party must also establish that "the evidence [is] admissible and of such importance that it probably would have changed the outcome." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 147 (2d Cir. 2020) (citing *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001)).

As Defendants persuasively argue (*see* Defs.'s Opp. at 9), the five affidavits from inmates that were housed in the SHU at Shawangunk would not have changed the outcome in this matter as they are not particularly relevant to the claims that this Court previously dismissed. Instead, the five affidavits obtained from inmates provide additional support for the position that inmates have been exposed to excessive lights and noise while housed in the SHU at Shawangunk. The Court already credited Plaintiff's allegations regarding the excessive light and sound conditions and held that "Plaintiff's allegations are sufficient to suggest that the light and noise posed an unreasonable risk of serious damage to [the inmate's] health." (Opinion at 18-19 (citation omitted).) Accordingly, to the extent that the newly obtained evidence is only relevant as to the portion of the complaint that the Court did not dismiss and does not furnish a basis to reconsider any portion of the Opinion granting partial dismissal of Plaintiff's claims.

The cumulative evidence regarding the existence of light and noise conditions in the SHU at Shawangunk will help further support Plaintiff's existing claim against Defendant Smith, but fails to support reconsideration of the Court's Opinion with respect to his First Amendment retaliation, deprivation of his religious diet, inadequate clothing, the length of his time in SHU, and lost property claims. Likewise, the newly obtained evidence does not bear upon whether

each of the Defendants besides Smith had any involvement in the underlying claims raised by Plaintiff – *e.g.*, the newly obtained evidence does not demonstrate the personal involvement of any named Defendant for his Eighth Amendment claim from his transfer to a different correctional facility. Nor does any of the newly obtained evidence bear upon whether Plaintiff's confinement to SHU was plausibly an atypical burden on his liberty interest.

Similarly, the Mack Moton Affidavit would not have changed the Court's Opinion as it does not contain facts that are relevant to claims that this Court has dismissed. In the first instance, the Moton Affidavit does not demonstrate any basis upon which the Court could conclude that Plaintiff had exhausted his claims for, among other things, retaliation. Accordingly, even if Moton's statements regarding retaliatory practices allegedly pursued by staff at Sing Sing might enhance the plausibility of Plaintiff's retaliation claim, it is of no moment because the Court dismissed Plaintiff's retaliation claim on exhaustion grounds.

To be sure, Plaintiff raises several arguments concerning why the Court should have considered each of his claims properly exhausted. However, none of these arguments are tied to novel facts raised in the Mack Moton affidavit or the five affidavits from inmates housed in the Shawangunk SHU. Instead, Plaintiff's exhaustion arguments are either (1) related to the disciplinary hearing materials, and accordingly not premised upon newly discovered material, or (2) based upon new theories that could have been raised in opposing the motion to dismiss. For example, Plaintiff argues that the Court should have considered his First Amendment claims exhausted because "the grievance process was not available to challenge Plaintiff's contention of protected speech [because] Plaintiff was immediately transplanted to another facility SHU before the ink dried on the Misbehavior Report filed by Defendant Cassel." (Pl.'s Mem. at 8.) Similarly, Plaintiff argues at length in his reply memorandum that he exhausted his claims

7

pursuant to *Woodford v. Ngo*, 548 US 81 (2006) because, among other things, "no inmate would have been able to reasonably believe he had a remedy available through the grievance process." (Pl.'s Reply at 4.)  Even if *Woodford* were dispositive, Plaintiff failed to raise that argument two years ago in his motion to dismiss opposition papers, and a "motion for reconsideration is 'not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion.'"  *WestLB AG v. BAC Fla. Bank*, 912 F.Supp.2d 86, 95 (S.D.N.Y.2012) (quoting *Parrish v. Sollecito*, 253 F.Supp.2d 713, 715 (S.D.N.Y.2003)).

Accordingly, the Court denies Plaintiff's motion for reconsideration because Plaintiff fails to demonstrate that any of the newly obtained evidence would have altered the conclusion previously reached.

## CONCLUSION

Plaintiff's motion for reconsideration of the Court's Opinion is DENIED.  The Clerk of the Court is respectfully directed to mail a copy of this Opinion and Order to Plaintiff at his address listed on ECF and show proof of service on the docket.


Dated:  January 14, 2021                                         SO ORDERED:
        White Plains, New York

                                                                 _____
                                                                 NELSON S. ROMÁN
                                                                 United States District Judge