UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONRAD MARHONE,

                         Plaintiff,              16 Civ. 4733 (NSR)(AEK)

- *against* -

SUPERINTENDENT JOSEPH SMITH,        ORDER
*Shawangunk CF*,

                        Defendant.

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

      Currently before the Court is a "Motion to Compel Discovery of Personnel Records NY Civil Rights Law § 50-a" filed by pro se Plaintiff Conrad Marhone ("Plaintiff"). ECF No. 132 ("Motion to Compel"). The motion seeks the production of "Personnel Records formerly prohibited by New York Civil Rights Law § 50-a." At the time Plaintiff served his fifth request for production of documents dated August 3, 2020, which requested, among other things, the documents at issue in the Motion to Compel, Plaintiff's motion for reconsideration—which sought to reinstate all previously dismissed claims and previously dismissed defendants—was pending. ECF No. 117 (Plaintiff's Letter Motion for Reconsideration/Reopening of Motion to Dismiss); ECF No. 122 (Plaintiff's Fifth Request for Production of Documents). Earlier in the litigation, the Honorable Nelson S. Román, the District Judge to whom this case is assigned, issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss the amended complaint, leaving only one claim in the case—a 42 U.S.C. § 1983 claim against

---

[1] On October 22, 2018, the Honorable Nelson S. Román referred this matter to the Honorable Lisa Margaret Smith, U.S.M.J. ECF No. 56. On October 15, 2020, this matter was reassigned to the undersigned.

Defendant Superintendent Joseph Smith ("Defendant Smith") for an alleged violation of Plaintiff's Eighth Amendment rights based on the light and noise conditions in the Shawangunk Correctional Facility Special Housing Unit.  See ECF No. 48.  In the time since the instant Motion to Compel was filed, Judge Román issued a separate Opinion and Order denying the motion for reconsideration.  ECF No. 138.  Thus, there remains only one claim in this case against only one defendant, Defendant Smith.

Plaintiff's fifth request for the production of documents contains only one discovery request, which states as follows:

> 1.  Please provide the records of the disciplinary proceeding of the remaining Defendant(s) and any personnel records that were previously privileged not [sic] therefore not discoverable save for Defendant(s) consent under the repealed New York Civil Rights Law § 50-a.  This includes, but is not limited to the recommendations and outcomes thereof of said proceedings.  Moreover, plaintiff requests:
>
> > a.) any personnel records that could be used to evaluate the performance of a corrections officer and DOCCS employee.
> >
> > b.) all misconduct that has not resulted in criminal charges against records of complaints filed against Defendant(s) by other DOCCS staff or inmate Office of Special Investigations (OSI) records.[footnote omitted]
> >
> > c.) all internal DOCCS records concerning the Defendant(s) which allege or charge abuse both sexual, physical, verbal or otherwise.  This includes, but is not limited to, matters related to false reports, official misconduct, retaliation, abuse of authority, excessive force, assault, battery, fabrication of evidence, false swearing, and false testimony.

ECF No. 122.

As Defendant Smith points out in his letter in opposition to the motion to compel, ECF No. 135, Judge Lisa Margaret Smith, the Magistrate Judge to whom this case previously was referred, conducted an in camera review of Defendant Smith's personnel records in 2019.  Magistrate Judge Smith determined that Defendant Smith's personnel records contained nothing

2

relevant to Plaintiff's claim against Defendant Smith,[2] and held that no documents from Defendant Smith's personnel file needed to be produced.[3] The only new development prompting Plaintiff's current request for personnel records is the repeal of New York Civil Rights Law § 50-a, but both Plaintiff and Defendant Smith agree that New York Civil Rights Law § 50-a does not govern the issue of production of personnel records in this case because "New York state law does not govern discoverability and confidentiality in federal civil rights actions." King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988). In any event, Defendant Smith did not rely on now-repealed New York Civil Rights Law § 50-a as a basis for objecting to the production of the personnel records, nor did Magistrate Judge Smith rely on that statute in deciding that the personnel records did not warrant production. Accordingly, the repeal of New York Civil Rights Law § 50-a is not a basis for the Court to revisit Magistrate Judge Smith's determination, and there are no other grounds offered for reconsideration of that decision.

To the extent Plaintiff's request and motion to compel can be interpreted as seeking personnel records from previously named defendants who are no longer part of this lawsuit, Plaintiff provides no basis whatsoever for the Court to conclude that such records are relevant to Plaintiff's narrow remaining claim against Defendant Smith.

---

[2] The permissible scope of discovery is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added).

[3] Magistrate Judge Smith ordered Defendant Smith's counsel to provide her with Defendant Smith's personnel file in its entirety during a conference held on June 26, 2019; she issued her decision concerning the results of her in camera review, and returned the file to Defendant Smith's counsel, during a conference held on September 24, 2019.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (ECF No. 132) is DENIED, and the Clerk of the Court is directed to terminate the motion.

The Clerk of the Court is also directed to mail a copy of this Order to pro se Plaintiff.

Dated: February 11, 2021
White Plains, New York

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge